UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GERALD THOMAS AND MILESSA THOMAS                                           PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:22-CV-377-DPJ-FKB

THE NOWELL AGENCY, INC., ET AL.                                            DEFENDANTS

ORDER

Plaintiffs Gerald and Milessa Thomas ask the Court to remand this case to the Circuit Court of Rankin County, Mississippi. Mot. [4]. Because the Court concludes there is complete diversity between the properly joined parties, the Thomases' motion to remand is denied.

I.      Facts and Procedural History

On September 15, 2020, the Thomases procured a homeowners' insurance policy covering their dwelling in Brandon, Mississippi. Plaintiffs bought the policy through Defendant The Nowell Agency, Inc., a Mississippi corporation; Defendant Travelers Personal Insurance Company issued the policy. On August 30, 2021, the Thomases' home sustained damage in a storm, and they made a claim under their Travelers policy. Travelers denied coverage, and on March 24, 2022, the Thomases filed this lawsuit in Rankin County Circuit Court. The Thomases bring claims against Nowell and two Travelers entities (collectively "Travelers") and allege claims for bad faith, infliction of emotional distress, gross negligence, breach of fiduciary duty, and fraud in the inducement. Travelers removed the case to this Court on July 6, 2022. On July 14, 2022, the Thomases moved to remand. Travelers responded in opposition, but the Thomases failed to file a reply, and the time to do so has now expired.

II.      Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). Travelers premises federal jurisdiction on 28 U.S.C. § 1332, under which the district courts have jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). For diversity jurisdiction to exist, all named plaintiffs and all named defendants must be citizens of different states. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

There is a "narrow exception" to the complete-diversity rule that applies when a plaintiff improperly joins a diversity spoiling defendant. *Smallwood v. Ill. Cent. R.R. Co.* (*Smallwood I*), 352 F.3d 220, 222 (5th Cir. 2003). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.* (*Smallwood II*), 385 F.3d 568, 572 (5th Cir. 2004) (en banc). To predict whether a plaintiff has a reasonable basis for recovery, a "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* When doing so, the Court applies the federal version of Rule 12(b)(6). *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). And "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiffs'] favor." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). The burden of establishing improper joinder is a "heavy" one, and the removing

party must carry it to remain in federal court.  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

III.   Analysis

The Thomases do not dispute that the amount in controversy exceeds the jurisdictional threshold.  They instead argue that complete diversity is lacking because Nowell is a properly joined non-diverse defendant.  Specifically, they claim that "under Rule 19 of the Mississippi Rules of Civil Procedure, The Nowell Agency is a necessary party to the lawsuit."  Mot. [4] at 2.

Starting with the pleadings, the Thomases mention Nowell only six times in their Amended Complaint:

- Nowell "acted for and as a duly authorized agent and representative for the sale of homeowner's insurance through" Travelers.  Am. Compl. [1-1] ¶ 2.

- The Thomases purchased their policy "through Nowell."  *Id.* ¶ 7.

- A Travelers adjuster told Mrs. Thomas that a Nowell employee "agreed that the claim was not covered."  *Id.* ¶ 9.

- The "wrongful conduct of Travelers and Nowell" caused the Thomases incidental damages.  *Id.* ¶ 16.

- "Travelers and Nowell have willfully and intentionally wronged the Thomas[e]s or have treated the Thomas[e]s with such gross and reckless negligence as is equivalent to such a wrong, entitling the Thomas[e]s to punitive damages . . . ."  *Id.* ¶ 17.

- "As a proximate result of [the] Thomas[e]s['] reliance upon Travelers['] and Nowell's promises and intention not to perform said promises, [the] Thomas[e]s sustained damages . . . ."  *Id.* ¶ 27.

Travelers says these allegations fail to support a claim against an insurance agent under Mississippi law.  Travelers is correct.  Under Mississippi law,

> an insurance adjuster, agent, or other similar entity may not be held independently liable for simple negligence in connection with its work on a claim.  Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct:  gross negligence, malice, or reckless disregard for the rights of the insured.

3

*Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004).

The only factual allegation indicating Nowell had anything to do with the Thomases' claim concerns a single remark by a Nowell employee that she agreed the claim was not covered. That allegation, standing alone, cannot support liability for gross negligence, malice, or reckless disregard. In sum, the Thomases have not shown an "arguably . . . reasonable basis for predicting that the state law might impose liability on the facts involved." *Smallwood I*, 352 F.3d at 223 (quoting *Jernigan*, 989 F.2d at 816).

Nor have the Thomases shown Nowell is a necessary party under Rule 19. Under Federal Rule of Civil Procedure 19(a), "[a] person . . . must be joined as a party if:"

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Thomases never explain how Nowell's presence is required under Rule 19, and the fact that the Court has concluded the Thomases have not shown a reasonable likelihood of succeeding on their claims against it indicates it is not a necessary party. Nowell is improperly joined, and its citizenship must be disregarded for purposes of assessing subject-matter jurisdiction. Diversity jurisdiction exists; Plaintiffs' motion to remand must be denied.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Plaintiffs' Motion to Remand [4] is denied. Because Nowell was improperly joined, the claims against it are dismissed.

4

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2022.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE